AO 106 (Rev. 04/10) Application for a Search Warrant

United States Courts
Southern District of Texas
FILED

FEB 21 2020

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. H20-0360M
Non Drug Exhibit N-61, iPhone )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Non Drug Exhibit N-61, iPhone, currently stored at 1433 West Loop South, Houston, Texas

located in the ___Southern___ District of ___Texas___, there is now concealed *(identify the person or describe the property to be seized)*:
(See Attachment "A")

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 846 | Conspiracy to possess with intent to distribute a substance containing a detectable amount of cocaine, a Schedule II controlled substance. |

The application is based on these facts:
(See attached Affidavit In Support of Application)

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jason Havemann, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2-21-20 at 1:39 PM

_____
*Judge's signature*

City and state: Houston, Texas

Andrew M. Edison, U.S. Magistrate Judge
*Printed name and title*

<u>Attachment "A"</u>

**PROPERTY TO BE SEIZED**

1. Contents of cellular telephone to include cellular telephone identifiers, applications utilized by phone, call logs, stored contacts, images, videos, stored text messages, and stored multimedia messages.
2. IMSI information.
3. Cellular telephone number.
4. SIM card information.
5. External memory card.

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Jason Havemann, being duly sworn, depose and state the following:

1. I am a Special Agent of the Drug Enforcement Administration (DEA). As a DEA Special Agent, I am empowered by law to conduct investigations of, and to make arrests for, offenses arising from the unlawful possession and distribution of controlled substances. I have been a Special Agent since August 2008. I am currently assigned to the DEA Houston Division Office, in Houston, Texas. I have participated in the investigation of the offenses more particularly discussed below, and I have reviewed reports prepared by other Special Agents of the DEA and other law enforcement agencies.

2. I submit this Affidavit in support of each Application For a Search Warrant for each of the following items, respectively:

   a. **Non Drug Exhibit N-55, Samsung cellphone;**
   b. **Non Drug Exhibit N-56, LG cellphone;**
   c. **Non Drug Exhibit N-57, iPhone;**
   d. **Non Drug Exhibit N-58, Alcatel cellphone;**
   e. **Non Drug Exhibit N-59, Samsung cellphone;**
   f. **Non Drug Exhibit N-60, Cellphone (unknown make and model);**
   g. **Non Drug Exhibit N-61, iPhone;**
   h. **Non Drug Exhibit N-62, Samsung cellphone;**
   i. **Non Drug Exhibit N-63, Cellphone (unknown make and model):**
   j. **Non Drug Exhibit N-64, LG cellphone.**

3. I have specialized training and experience in the investigation of narcotics smuggling and distribution. I have participated in numerous narcotics investigations as the principal or lead case agent and as a co-case agent. I have debriefed numerous defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations. I have participated in many narcotics trafficking-related surveillance operations, and I have participated in many investigations involving court-authorized interceptions of wire and electronic communications. I am familiar with narcotics traffickers' methods of operation in the distribution, storage, and transportation of narcotics, the collection of money which represents the proceeds of narcotics trafficking, and the laundering of proceeds derived from narcotics trafficking. I am aware that narcotics traffickers often communicate with their associates and/or customers via cellular telephones. I am also aware narcotics traffickers often change or switch cellular telephones to maintain the covertness of their activities.

4. Further, based on my training, experience, and consultation with experienced narcotics investigators in the DEA and other agencies, I know that narcotics transactions often involve large amounts of controlled substances and/or U.S. Currency (hereafter USC) and often require the keeping of records which detail amounts of narcotics obtained and distributed, names, locations, and dates of distribution, and amounts of monies received and/or disbursed as payment for narcotics and other illegal services. Persons involved in the trafficking of controlled substances frequently maintain records of these illegal activities in the form of papers, books, notes, ledgers, and other documents. Further, persons involved in the illegal importation, storage, transportation, and distribution of controlled substances frequently maintain these records in residences

owned by them, or over which they exercise dominion and control. The term "records" includes all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including computers and any other electrical, electronic, or magnetic form, any handmade form, any mechanical form, and any photographic form.

5. Further, based on my training, experience and consultation with experienced narcotics investigators in the DEA and other agencies, I know that persons involved in the illegal distribution of controlled substances frequently use telephones and cellular telephones to conduct narcotics transactions, including the use of these devices to send and receive electronic communications and/or text messages. Further, those persons often obtain said communications devices through the use of fraudulent or fictitious names, or through the use of 'nominee' subscribers. I further know that evidence of these transactions and the identities of co-conspirators and others involved in narcotics trafficking can be obtained from telephone and cellular telephone bills and statements, as well as from the actual telephones, cellular telephones, 'iPhones,' 'smart-phones,' and associated caller identification devices. These bills and statements, as well as the communications devices, are often stored and maintained in residences, conveyances, and other areas under the dominion and control of those involved in narcotics trafficking.

6. I am familiar with the facts and circumstances of this investigation. This familiarity is based upon, among other things, my direct participation in the investigation, reviews of written reports prepared by myself and other investigating agents and officers, conversations with other federal, state, and local law enforcement officers who have participated in the investigation, information obtained from a DEA cooperating sources

(CS), and other facts, circumstances and details I have learned during the course of this investigation.

7. From in or about March 2018, DEA-Houston Agents have been investigating the drug trafficking activities of **Tomas CALVILLO** and **Manuel VILLATORO**. As a result of this investigation, agents have identified **VILLATORO** as a leader within the drug trafficking organization, and a cocaine source of supply in the Houston, Texas area. During the investigation, agents also identified **Justo LOREDO** as a broker of kilogram quantities of cocaine. **LOREDO** obtained cocaine from **VILLATORO** and sold the cocaine to a third party.

## Probable Cause

8. On June 4, 2019, the Honorable Andrew S. Hanen, United States District Judge for the Southern District of Texas (Judge Hanen), signed an Order authorizing the continued interception of wire and electronic communications to and from cellular telephone number (713) 577-9253, used by **VILLATORO**, for a period of thirty (30) days.

9. On June 11, 2019, telephone conversations were intercepted between **VILLATORO**, using telephone number (713) 577-9253 and **LOREDO**, who was using telephone number (832) 450-4471. During the conversations, **VILLATORO** and **LOREDO** discussed the prices of kilograms of cocaine. **LOREDO** specifically stated that he was asking for a "guy from Port Arthur". Agents believed **LOREDO** was brokering the sale of cocaine between **VILLATORO** and a third party, later identified as **Billy Ray KNIGHT**.

4

10. On June 12, 2019, **VILLATORO**, using telephone number (713) 577-9253 sent a text message to **LOREDO**, who was using telephone number (832) 450-4471. The text message was the address for a hotel near **VILLATORO's** residence. A short time later, Agents observed **VILLATORO**, driving his GMC Yukon arrive at the hotel. **LOREDO**, driving his white BMW was then observed following **VILLATORO** back to **VILLATORO's** residence. Shortly thereafter, **LOREDO** departed **VILLATORO's** residence and Agents followed **LOREDO** to 4029 Jewel Street, Houston, Texas.

11. The following morning, June 13, 2019, at approximately 9:15 a.m., Agents observed a Kia SUV arrive at 4029 Jewel Street. The Kia was registered to PV Holdings, a car rental company. The driver of the Kia was identified as **KNIGHT**. Approximately 15 minutes later, the Kia departed 4029 Jewel Street. Believing **KNIGHT** obtained cocaine from **LOREDO** at 4029 Jewel Street, Agents arranged for a traffic stop of the Kia. During the traffic stop, approximately two (2) kilograms of cocaine was discovered inside the vehicle. **KNIGHT** presented a Texas driver's license that listed his home address in Port Arthur.

12. On January 8, 2020, **VILLATORO**, **LOREDO**, and **KNIGHT** were indicted in the Eastern District of Texas for violations of Title 21, United States Code 846. On January 9, 2020, an arrest warrant was issued for **VILLATORO**, **LOREDO** and **KNIGHT**.

13. On February 7, 2020, United States Magistrate Judge Christina A. Bryan, Southern District of Texas, issued a search warrant for 9702 Alyssa Court, Humble, Texas.

14. On February 11, 2020, United States Magistrate Judge Andrew M. Edison, Southern District of Texas, issued a search warrant for 4029 Jewel Street, Houston, Texas.

15. On February 11, 2020, **VILLATORO** and **LOREDO** were arrested in Houston, Texas. **KNIGHT** was not captured and remains a fugitive.

16. During the arrests, **VILLATORO** was arrested at 9702 Alyssa Court, Humble, Texas and **LOREDO** was arrested at 4029 Jewel Street, Houston, Texas.

18. During the execution of the search warrant at 4029 Jewel Street, Houston, Texas, Special Agent Eric Johnson seized the following cellphones from **LOREDO**:

    (a) **Non Drug Exhibit N-55, Samsung cellphone;**

    (b) **Non Drug Exhibit N-56, LG cellphone;**

    (c) **Non Drug Exhibit N-57, iPhone;**

    (d) **Non Drug Exhibit N-58, Alcatel cellphone;**

    (e) **Non Drug Exhibit N-59, Samsung cellphone**

    (f) **Non Drug Exhibit N-60, Cellphone (unknown make and model);**

    (g) **Non Drug Exhibit N-61, iPhone;**

    (h) **Non Drug Exhibit N-62, Samsung cellphone;**

    (i) **Non Drug Exhibit N-63, Cellphone (unknown make and model):**

    (j) **Non Drug Exhibit N-64, LG cellphone**

19. Based on the court authorized wiretap interceptions between **VILLATORO** and **LOREDO**, as previously described in this Affidavit, Affiant believes the cellular telephones described in this Affidavit are likely to contain evidence regarding

the drug trafficking activities of **VILLATORO** and **LOREDO**. Affiant believes probable cause has been shown that **VILLATORO** and **LOREDO** utilize cellular telephones to conduct their drug trafficking activities.

## CONCLUSION

20. Based on the foregoing information provided in this Affidavit, I believe that there is probable cause to believe the property or items to be seized, as described in Attachment "A," will be located within each of the respective cellular telephones. I further believe, based on the totality of the facts and circumstances of this investigation, my training and experience in the investigation of violations of federal narcotics laws, and discussions of the totality of the facts and circumstances with other Special Agents and Task Force Officers, that the items described in the Application For a Search Warrant and the Attachments, were used by **VILLATORO, LOREDO,** and others, to commit, and they constitute evidence of, offenses in violation of Title 21, United States Code, § 846.

_____
Jason Havemann, Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN TO before me this ___21st___ day of February 2020, and I find probable cause.

_____
Andrew M. Edison

UNITED STATES MAGISTRATE JUDGE